CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JACOB TUCKER,** | ) | CASE NO. 7:16CV00444 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **T. COBBS, RNCA,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Jacob Tucker, a Virginia inmate at Green Rock Correctional Center, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against a nurse, T. Cobbs. Tucker alleges that in May 2016, Cobbs opened an account in Tucker's name with a medical supply company, forged his signature to order a walker for him without his written consent or a doctor's order, and made Tucker responsible for a copayment of $57.62 toward the cost of the device.[1] Tucker seeks unspecified monetary and injunctive relief. After review of the record, the court concludes that the action must be summarily dismissed as frivolous.

Tucker has not prepaid the $350.00 filing fee and $50.00 administrative fee normally required to file this civil action. Rather, he has applied to proceed without prepayment under 28 U.S.C. § 1915(b) and has signed a consent form agreeing to pay the full fee through installments to be withheld from his inmate trust account whenever funds become available. As such, Tucker

---

[1] Tucker attaches copies of numerous complaints and grievances he filed about having to pay the copayment charge, contending that he did not want the walker because he has a cane. In response to one of these complaints, Gibbs wrote to Tucker:
> I met with you personally on or about 5.19.16. You wanted to discuss "all your special needs." During that conversation, you brought to my attention that the physical therapist had recommended that you return to using a walker. You stated, "And what are you going to do about it?" I explained that I would talk with Dr. Wang and the physical therapist and that if they recommended a walker, one would be ordered for you. Dr. Wang ordered you a walker with wheels within a few days. It was ordered so that you would have it when you returned to the physical therapist. . . . Once the walker arrived, you refused it. According to DOC Policy 720.4, there is no refund, and the walker was taken to property for you to determine its disposition.

(Compl. Attachments, at 10, ECF No. 2.)

is pursuing his lawsuit under the in forma pauperis statute, § 1915, and is subject to that statute's other provisions. Section § 1915(e)(2)(B)(i) requires a district court to dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." This section, like its predecessor statute, was

> designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). "Courts may . . . consider the de minimis value of a claim as one factor in applying the frivolity test of 28 U.S.C. § 1915(e)(2)(B)(i)." Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004).

The court finds, without question, that Tucker's § 1983 complaint, filed to avoid or protest the policy-required medical copayment of $57.62, qualifies as a frivolous lawsuit under § 1915(e)(2)(B)(i). The suit will be summarily dismissed as such. Had a reasonable plaintiff been forced to prepay the $400.00 filing cost for this lawsuit -- a financial outlay nearly seven times the amount of the challenged copayment -- the court is satisfied that he would have been deterred from filing suit. Because the action will be dismissed without prejudice, however, Tucker remains free to pursue his claim in a new and separate civil action, provided that he prepays the filing costs. Nagy, 376 F.3d at 257.

ENTER: This 23rd day of November, 2016.

/s/ Chief United States District Judge